■ In the Matter of HANS HOMBURGER, Respondent, v 587 DEVELOPMENT INCORPORATED et al., Respondents. LAZAR LEVITIN, Intervenor-Appellant. [734 NYS2d 888] —In a proceeding pursuant to CPLR 5225 (b) to enforce a money judgment, the intervenor, Lazar Levitin, appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Levine, J.), dated May 24, 2000, as denied his cross motion, *inter alia*, for partial summary judgment on his counterclaim to set aside a judicial sale.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner, Hans Homburger, obtained a money judgment against the intervenor-appellant, Lazar Levitin. He then successfully petitioned to have Levitin's partnership interest in a real estate business sold at a public auction to satisfy that

judgment. The proceeds from the public sale were minuscule and did not satisfy the judgment, leaving $230,425.28 outstanding. Approximately 12 years later, Homburger commenced this proceeding to enforce the same outstanding judgment by having the bank account of 587 Development, Inc., Levitin's corporation, transferred to him.

Levitin counterclaimed asserting that Homburger committed fraud and other improper acts with regard to the judicial sale of his partnership interest. However, because Levitin did not provide proper evidence of any wrongdoing with regard to the judicial sale, the Supreme Court correctly denied his cross motion for partial summary judgment on the counterclaim (*see, Guardian Loan Co. v Early,* 47 NY2d 515, 520-521).

Levitin's remaining contentions are without merit. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.